# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED SPORTS MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZAIRA NARANJO, doing business as Señor Guacamole Restaurant, <br><br> Defendant. | Case No. 1:10-cv-00445-AWI-SMS <br><br> ORDER AUTHORIZING PROCESS SERVER TO LEVY EXECUTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 699.080 <br><br> (Doc. 20) |

On September 21, 2010, the Court granted Plaintiff Integrated Sports Media, Inc.'s motion for default judgment against Defendant Zaira Naranjo, doing business as Señor Guacamole Restaurant. On the same day, the Clerk of Court entered default judgment in favor of Plaintiff. On June 9, 2014, Plaintiff filed an amended ex parte application for entry of an order authorizing a process server to levy execution pursuant to California Code of Civil Procedure § 699.080.

The execution of final judgments is governed by F.R.Civ.P. 69(a), which requires proceedings on execution to accord with the procedures of the state in which the court is located. Pursuant to Rule 69(a), post-judgment enforcement proceedings must comply with California law. *Credit Suisse v. U.S. District Court for the Central District of California*, 130 F.3d 1342, 1344 (9th Cir.1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996).

1

Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure § 699.080(a).  A registered process server is a person registered as a process server pursuant to the Business and Professions Code.  *See* Cal.Civ.Proc.Code § 481.250, *citing* Cal. Bus. & Prof. Code §§ 22350 to 22360.  This authority is limited to cases in which the levy does not involve the possibility of taking immediate possession of the property.  The process server must comply with all requirements set forth in California Code of Civil Procedure § 699.080.

The Court has reviewed the documents filed by Plaintiff.  The Court finds that Rezak-Meyer Attorney Service is a registered process server, having filed a certificate of registration in Ventura County, California.  Based on the declaration of Plaintiff's attorney, the Court finds that the interests of justice will be served by relieving the United States Marshal from effectuating certain types of services necessary to effectuate collection of the judgment in this action.  The Court notes that the use of a process server is routine in the enforcement of judgments and is authorized by California law.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff may employ the services of Rezak-Meyer Attorney Service to perform the duties and responsibilities of levying officer as defined under California Code of Civil Procedure § 699.080; and

2.  Rezak-Meyer Attorney Service SHALL comply with the requirements of the California Code of Civil Procedure concerning the enforcement of judgments, including California Code of Civil Procedure § 699.080.

IT IS SO ORDERED.

Dated:   June 9, 2014                       _____
                                              SENIOR  DISTRICT  JUDGE